**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
Tel.:  (212) 309-6000
Fax:  (212) 309-6001

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANSY BELIZAIRE & ANTHONY MCALLISTER, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br>v.<br><br>AHOLD U.S.A, INC., et al.,<br><br>Defendants. | NOTICE OF REMOVAL<br><br>Civil Action No.<br><u>Removed From</u>:<br>Supreme Court<br>State of New York, County of New York<br>Index No. 650411/2018 |

<u>**NOTICE OF REMOVAL**</u>

**PLEASE TAKE NOTICE THAT** Defendants Ahold U.S.A., Inc. ("Ahold USA"), Ahold Delhaize USA, Inc. ("Ahold Delhaize USA"), Peapod, LLC ("Peapod"), and The Stop & Shop Supermarket Company LLC ("Stop & Shop") (collectively, "Defendants"), the defendants in the above-captioned action, hereby remove this case from the Supreme Court of the State of New York for the County of New York, to the United States District Court for the Southern District of New York.  This Court has original subject matter jurisdiction over the lawsuit of Plaintiffs Ansy Belizaire ("Belizaire") and Anthony McAllister ("McAllister") (together, "Plaintiffs") under 28 U.S.C. § 1332 because Plaintiffs and Defendants are citizens of different states, and the amount in controversy as to each Plaintiff's individual claims exceeds $75,000, exclusive of interests and cost.  Alternatively, an independent basis for subject matter jurisdiction exists under the Class Action Fairness Act of 2005 ("CAFA") because this matter was brought as a class action, diversity

1

of citizenship exists between one or more members of the putative class and the Defendants, the number of proposed class members exceeds 100 individuals, and the amount in controversy exceeds $5 million in the aggregate.

## I. FACTUAL BACKGROUND

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of class actions. *See* 28 U.S.C. § 1453.

2. On or about January 25, 2018, Plaintiffs commenced an action against Defendants in the Supreme Court of the State of New York for the County of New York, captioned *Ansy Belizaire and Anthony McAllister, on behalf of themselves and all other employees similarly situated, v. Ahold U.S.A., In., Ahold Delhaize USA, Inc., Peapod, LLC, and The Stop & Shop Supermarket Company, LLC*, and was assigned State Court Index No. 650411/2018 (the "Complaint"). A true and correct copy of the Complaint, together with all process filed with the Supreme Court in the state court action, are attached hereto as Exhibits A through C.

3. The earliest date on which Plaintiffs served a copy of the Complaint on any of the Defendants was May 16, 2018.

4. Plaintiffs purport to bring and maintain this action as a class action pursuant to Article 9 of the New York Civil Practices Law and Rules ("CPLR"). Complaint (Ex. A), ¶ 2. Plaintiffs seek to represent a class of allegedly "similarly situated delivery drivers who work or have worked for Defendants in New York and Massachusetts." *Id.* at ¶ 1.

5. Plaintiffs' Complaint seeks to recover unpaid gratuities, statutory damages, liquidated damages, attorneys' fees and costs and interest, and unspecified equitable relief, based on the following alleged causes of action: (1) unlawful retention of gratuities pursuant to New York Labor Law § 196-d; (2) unlawful retention of gratuities of pursuant to Mass. Gen. Laws ch.

2

149, § 152A; and (3) violation of the notice provisions of the New York Wage Theft Prevention Act ("WTPA"), New York Labor Law § 195-1(a), on behalf of Plaintiff McAllister. *Id.* at ¶¶ 80-97.

## II. REMOVAL IS TIMELY

6. Plaintiffs' Complaint is framed as a putative class action and seeks recovery for purported wage violations under New York and Massachusetts law. Therefore, for the purposes of this Notice of Removal, this matter is a class action as that term is defined pursuant to 28 U.S.C. §§ 1332(d)(1)(B) and 1453.[1]

7. Plaintiffs served the Summons and Complaint on Defendants via personal service on or about May 16, 2018. Because this Notice of Removal is filed within thirty (30) days of service of the Complaint on Defendants, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

8. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III. REMOVAL IS PROPER PURSUANT TO 28 U.S.C. § 1332.

9. The Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendants are citizens of different states, and the amount in controversy as to each Plaintiff's individual claims exceeds $75,000, exclusive of interest and costs.

### A. Diversity of Citizenship Exists.

10. An individual is a citizen of the state in which he or she is domiciled. *See Adrian Family Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003). For purposes

---

[1] Defendants do not concede, and specifically dispute, Plaintiffs' allegations that individuals are similarly situated to Plaintiffs and that this lawsuit may properly proceed as a class action.

of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time the lawsuit is filed in state court. *See Law Offices of K.C. Okoli, P.C. v. BNB Bank, N.A.*, 481 F. App'x 622, 625 (2d Cir. 2012) ("Jurisdictional facts such as the amount in controversy are evaluated on the basis of the pleadings viewed at the time when the defendant files the notice of removal.") (internal citations and quotations omitted).

11. Upon information and belief, Plaintiff Belizaire was at the time of the commencement of this action a resident and citizen of the State of New York. Plaintiff Belizaire is an individual, and, therefore, is a citizen of New York for purposes of 28 U.S.C. § 1332.

12. Upon information and belief, Plaintiff McAllister was at the time of the commencement of this action a resident and citizen of the State of New York. Plaintiff McAllister is an individual, and, therefore, is a citizen of New York for purposes of 28 U.S.C. § 1332.

13. Defendant Ahold U.S.A. is, and was at the time of the inception of this civil action and at all times intervening, a corporation organized and existing under and by virtue of the laws of the State of Maryland, with its principal place of business and headquarters (where the majority of its executive and administrative functions are performed) in Quincy, Massachusetts. *See* Complaint (Ex. A.), ¶¶ 11-12. Accordingly, Defendant Ahold U.S.A. is not now, and was not at the time of the filing of this action, a citizen and/or resident of the State of New York. *See Duzer Realty Corp. v. U.S. Underwriters Ins. Co.*, No. 12-CV-926(NGG)(JMA), 2012 WL 2872306, at *1 (E.D.N.Y. July 12, 2012) ("The phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.") (citing *Hertz v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1186 (2010)).

14. Defendant Ahold Delhaize USA is, and was at the time of the inception of this civil action and at all times intervening, a corporation organized and existing under and by virtue of the

laws of the State of Delaware, with its principal place of business and headquarters (where the majority of its executive and administrative functions are performed) in Quincy, Massachusetts. *See* Complaint (Ex. A.), ¶¶ 21-22. Accordingly, Defendant Ahold Delhaize USA is not now, and was not at the time of the filing of this action, a citizen and/or resident of the State of New York. *See Duzer Realty Corp.*, 2012 WL 2872306, at *1.

15.     Defendant Peapod was at the time of the commencement of this action, and is now, a Delaware limited liability corporation, of which Ahold USA is the sole member. Defendant Peapod's principal place of business is Chicago, Illinois. Accordingly, Defendant Peapod is not now, and was not at the time of the filing of this action, a citizen and/or resident of the State of New York. *See Avon Prods., Inc. v. Edgewater Tech.-Ranzal, LLC*, No. 15 CIV. 4932, 2015 WL 4560960, at *1 (S.D.N.Y. July 23, 2015).

16.     Defendant Stop & Shop is a Delaware limited liability corporation, of which Ahold USA is the sole member. Defendant Stop & Shop's principal place of business is Quincy, Massachusetts. Accordingly, Defendant Stop & Shop is not now, and was not at the time of the filing of this action, a citizen and/or resident of the State of New York. *See Avon Prod.*, 2015 WL 4560960, at *1.

17.     As a result, and for the purpose of 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(c)(1); *Hertz*, 559 U.S. 77.

**B.     The Amount in Controversy Requirement is Satisfied.[2]**

18.     Where, as here, plaintiffs do not expressly plead a specific amount of damages in their complaint, defendants must only show a reasonable probability that the amount in

---

[2] This Notice of Removal addresses the alleged nature and amount of damages placed at issue by Plaintiffs' Complaint. Defendants' reference to specific damages amounts and their citation to comparable cases are

controversy exceeds $75,000.  *See Smith v. Manhattan Club Timeshare Ass'n, Inc.*, 944 F. Supp. 2d 244, 250 (S.D.N.Y. May 10, 2013) (citing *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 59 (2d Cir. 2006)).

19. Plaintiffs allege that Defendants "unlawfully withheld and retained gratuities that the reasonable customer would believe would be distributed" to Plaintiffs, in violation of New York Labor Law § 196-d.  *See* Complaint (Ex. A), ¶ 83.  Pursuant to New York Labor Law § 198, Plaintiffs also seek attorneys' fees for their claims under New York Labor Law § 196-d.  *Id*, at p. 14-15.

20. During the New York Class Period (defined below), Plaintiff Belizaire made over 14,000 deliveries in New York to customers of Peapod who were charged a delivery fee.  *See See* Declaration of Kenneth Fanaro ("Fanaro Decl."), ¶ 3.  The *lowest* delivery fee charged to customers during this period was $6.95 per delivery. *Id.*, ¶ 5.  Thus, customers in New York who received deliveries from Plaintiff Belizaire during the New York Class Period were charged at least $97,300 in delivery fees (14,000 deliveries x $6.95 delivery fee).

21. During the New York Class Period, Plaintiff McAllister made over 8,100 deliveries in New York to customers of Peapod who were charged a delivery fee.  *See* Fanaro Decl., ¶ 4.  The *lowest* delivery fee charged to customers during this period was $6.95 per delivery.  *Id.*, ¶ 5.  Thus, customers of Peapod in New York who received deliveries from Plaintiff McAllister during the

---

provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum.  Defendants maintain that each of Plaintiffs' claims is without merit and that Defendants are not liable to Plaintiffs or the putative classes they purport to represent.  Defendants specifically deny that Plaintiffs or any other alleged class member have suffered any damage as a result of any act or omission by Defendants.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiffs will or could actually recover any damages amounts based upon the allegations contained in the Complaint or otherwise.

New York Class Period were charged at least $56,295 in delivery fees (8,100 deliveries x $6.95 delivery fee = $56,295).

22. Plaintiff McAllister also alleges that Defendants failed to provide him with wage notices required under the WTPA, New York Labor Law § 195-1(a). *See* Complaint (Ex. A), ¶ 96. Pursuant to New York Labor Law § 195-1, an employee is entitled to "recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars." As Plaintiff McAllister claims that he was employed as a delivery driver between 2012 and April 2015 (*see id.*, ¶ 8), his claims for damages under New York Labor Law § 195-1(a) total $5,000.

23. "Attorney's fees can be considered as part of the amount in controversy where they are anticipated or awarded in the governing statute." *Henry v. Warner Music Grp. Corp.*, Case No. 13-cv-5031, 2014 WL 1224575, at *3 (S.D.N.Y. Mar. 24, 2014) (citing *Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293 (E.D.N.Y. Apr. 27, 2005)). Plaintiffs seek statutory attorneys' fees with respect to their cause of action under New York Labor Law § 196-d. *See* Complaint (Ex. A), at p. 15.

24. Courts regularly apply a lodestar (*i.e.*, hourly billing) method to determine attorneys' fees awards for individual plaintiffs. *See, e.g.*, *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2007); *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5 (S.D.N.Y. 2015) (applying lodestar method in determining fee award in single plaintiff action under the NYLL and Fair Labor Standards Act ("FLSA")); *Kim v. Kum Gang, Inc.,* No. 12 Civ. 6344, 2015 WL 3536593 (S.D.N.Y. June 5, 2015) (applying lodestar method to determine attorneys' fees in action brought by eleven individual plaintiffs asserting claims under FLSA and NYLL). Courts in this Circuit have

7

awarded attorneys' fees in the range of $350 to $550 per hour for experienced attorneys in wage and hour matters.  *See, e.g.*, *Torres v. Gristede's Operating Corp.*, No. 04-3316, 2012 WL 3878144, at *4 (S.D.N.Y. Aug. 6, 2012), *aff'd*, 519 F. App'x 1 (2d Cir. 2013); *Gonzalez*, 112 F. Supp. 3d 5.  Considering the time Plaintiffs' counsel has spent and can be expected to spend investigating Plaintiffs' claims, drafting the Complaint, drafting and responding to discovery requests, defending Plaintiffs' depositions, deposing Defendants' witnesses, engaging in dispositive motion practice as to Plaintiffs' individual claims, and performing other reasonably expected litigation activity, it is reasonable to assume that Plaintiffs' counsel will spend *at least* 60 attorneys hours (not including paralegal time) on litigation activity with respect to each Plaintiff's individual claim under  New York Labor Law § 196-d.  *See Gonzalez*, 112 F. Supp. 3d at 5 (awarding $48,366.50 in attorneys' fees where plaintiff recovered $7,500 and holding that attorneys' fees request for nearly 200 hours of attorney and paralegal time, which did not include time spent litigating an unsuccessful motion for class certification, was reasonable in single-plaintiff NYLL and FLSA action).  Applying a conservative billable rate of $300 per attorney hour to this conservative estimate of 60 billable hours, the amount of attorneys' fees in controversy as to each Plaintiff is at least $18,000.

25. Based on the foregoing, the total amount placed in controversy by Plaintiff Belzaire's individual claims under New York Labor Law § 196-d is at least **$115,300** ($97,300 in delivery fees + $18,000 in attorneys' fees).

26. Based on the foregoing, the total amount placed in controversy by Plaintiff McAllister's individual claims under New York Labor Law § 196-d and New York Labor Law § 195-1 is at least **$79,295** ($56,295 in delivery fees + $5,000 WTPA damages + $18,000 in attorneys' fees).

## IV. THIS COURT HAS JURISDICTION OVER THIS MATTER PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005.

27. This Court has jurisdiction over this matter pursuant to CAFA. *See* 28 U.S.C. §§ 1332(d), 1453. Under CAFA, District Courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," (28 U.S.C. § 1332(d)(2)(A)); (2) "the number of members of all proposed plaintiff classes in the aggregate is" not less than 100 (28 U.S.C. § 1332(d)(5)(B)); and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" (28 U.S.C. § 1332(d)(2)).

28. All CAFA requirements are satisfied in this case. Further, no exception to the exercise of federal jurisdiction applies. *See, e.g.*, 28 U.S.C. § 1332(d)(4)(A)-(B). Therefore, removal of this case is proper pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

### A. Diversity of Citizenship Exists.

29. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists—that is, that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *Hines v. Overstock.com, Inc.*, No. 09-CV-991, 2013 WL 4495667, at *5 (E.D.N.Y. Aug. 19, 2013).

#### 1. *Plaintiffs are citizens of New York.*

30. Upon information and belief, Plaintiffs were at the time of the commencement of this action residents and citizens of the State of New York. *See, e.g.*, *Adrian Family Partners I*, 79 F. App'x at 491; *Law Offices of K.C. Okoli, P.C.*, 481 F. App'x at 625. Furthermore, Plaintiffs allege that they were employees of Defendants working most recently in New York. Complaint (Ex. A.), ¶¶ 7-8.

### 2. *Defendants are not citizens of New York.*

31. Defendant Ahold U.S.A. is, and was at the time of the inception of this civil action and at all times intervening, a corporation organized and existing under and by virtue of the laws of the State of Maryland, with its principal place of business and headquarters (where the majority of its executive and administrative functions are performed) in Quincy, Massachusetts. *See* Complaint (Ex. A.), ¶¶ 11-12. Accordingly, Defendant Ahold U.S.A. is not now, and was not at the time of the filing of this action, a citizen and/or resident of the State of New York within the meaning of the Acts of Congress relating to the removal of class actions. *See Duzer*, 2012 WL 2872306, at *1.

32. Defendant Ahold Delhaize USA is, and was at the time of the inception of this civil action and at all times intervening, a corporation organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business and headquarters (where the majority of its executive and administrative functions are performed) in Quincy, Massachusetts. *See* Complaint (Ex. A.), ¶¶ 21-22. Accordingly, Defendant Ahold Delhaize USA is not now, and was not at the time of the filing of this action, a citizen and/or resident of the State of New York within the meaning of the Acts of Congress relating to the removal of class actions. *See Duzer*, 2012 WL 2872306, at *1.

33. Defendant Peapod was at the time of the commencement of this action, and is now, a Delaware limited liability corporation, of which Ahold USA is the sole member. Defendant Peapod's principal place of business is Chicago, Illinois. Accordingly, Defendant Peapod is not now, and was not at the time of the filing of this action, a citizen and/or resident of the State of New York within the meaning of the Acts of Congress relating to the removal of class actions. *See Avon Prod.*, 2015 WL 4560960, at *1.

34. Defendant Stop & Shop is a Delaware limited liability corporation, of which Ahold USA is the sole member. Defendant Stop & Shop's principal place of business is Quincy, Massachusetts. Accordingly, Defendant Stop & Shop is not now, and was not at the time of the filing of this action, a citizen and/or resident of the State of New York within the meaning of the Acts of Congress relating to the removal of class actions. *See Avon Prod.*, 2015 WL 4560960, at *1.

35. Therefore, there is diversity of citizenship pursuant to CAFA because a member of the putative class "is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

**B.     The Proposed Classes Consists of at Least 100 Proposed Class Members.**

36. Removal under CAFA is appropriate where there are at least 100 members of all proposed plaintiff classes in the aggregate. *See* 28 U.S.C. § 1332(d)(5)(B).

37. The Complaint alleges claims on behalf of Plaintiffs and a putative class of similarly situated individuals who allegedly work or have worked for Defendants in Massachusetts and New York. *See* Complaint (Ex. A), ¶ 1. Specifically, Plaintiffs' proposed Rule 23 class is comprised of two subclasses: (1) "All persons who worked as delivery drivers in New York, who at any time six years prior to the filing of this action through the entry of final judgment in this matter, did not receive the collected gratuity automatically added on to customers' delivery bills" (the "New York Subclass"); and (2) "All persons who worked as delivery drivers in Massachusetts, who, at any time three years prior to the filing of this action through the entry of final judgment in this matter, did not receive the collected gratuity automatically added on to customers' delivery bills" (the "Massachusetts Subclass"). *Id.* at ¶ 70.[3]

---

[3] Plaintiffs' Complaint alleges that Plaintiff Belzaire was employed in Massachusetts "from approximately March 2008 until February 2015." *See* Complaint (Ex. A), ¶ 7. However, upon information and belief,

11

38. As of the date of this filing, more than 100 delivery drivers have made deliveries to customers of Peapod in New York who were charged a delivery fee. *See* Keith Lipinski Decl. ("Lipinski Decl."), ¶ 2.

39. As such, the second jurisdictional requirement under CAFA is satisfied. *See* 28. U.S.C. § 1332(d)(5)(B).

### C. The Amount in Controversy Requirement Is Satisfied.

40. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6).

41. As the Supreme Court has held, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owns*, 135 S. Ct. 547, 554 (2017).

42. Additionally, Congress intended for federal jurisdiction to attach under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." S. Rep. No. 109-14, *as reprinted in* 2005 WL 627977, at *42-43 (1st Sess. 2005).

43. To satisfy the amount-in-controversy requirement under CAFA, the party seeking removal "must show that it appears to a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million." *Smith*, 944 F. Supp. 2d at 250 (citing *Blockbuster, Inc.*,

---

Plaintiff Belizaire was not employed by Defendants in Massachusetts within the three-year statute of limitations period that applies under Mass. Gen. Laws ch. 149, § 152A. Accordingly, following removal of this action, Defendants intend to move to dismiss Plaintiffs' Massachusetts-based claims.

472 F.3d at 59). In determining whether the removing defendants have met this burden, courts look first to the complaint and then to the defendants' petition for removal. *Id.* Where the pleadings are inconclusive of the amount in controversy, a court may consider evidence outside the pleadings. *Id.*; *DiPonzio v. Bank of Am. Corp.*, No. 11-CV-06192, 2011 WL 2693912, at *3 (W.D.N.Y. July 11, 2011) ("Where, as here, the pleadings are silent as to the amount in controversy, federal courts may look outside those pleadings to other evidence in the record.") (citations omitted).

44. Once the party seeking removal has satisfied its burden of demonstrating that the amount in controversy has been met, the plaintiff can defeat jurisdiction only by demonstrating "to a legal certainty" that the amount recoverable does not meet the $5,000,000 threshold. *See Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003). Under controlling Second Circuit precedent, this a "difficult burden to overcome." *Hines*, 2013 WL 4495667, at *6. Under the "legal certainty" standard, Plaintiffs must demonstrate that "[t]he legal impossibility of recovery [is] so certain as virtually to negative the [their] good faith in asserting the claim." *Scherer*, 347 F.3d at 397; *Hines*, 2013 WL 4495667, at *6.

45. Further, CAFA's legislative history makes clear that doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.*, S. Rep. 109-14, reprinted in 2005 WL 627977, at *43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

46. While Defendants deny Plaintiffs' factual allegations and deny that Plaintiffs or any member of the putative classes that they purport to represent are entitled to the relief sought in the

13

Complaint, or to any other form of relief, Defendants have established to a "reasonable probability" that the amount in controversy of the putative classes as alleged in the Complaint exceeds $5,000,000.

### 1. *Information Relevant to Amounts at Issue.*

47. Plaintiffs' Complaint defines the New York Subclass to include delivery drivers in New York who performed deliveries in the six years prior to the filing of the Complaint. *See* Complaint (Ex. A), ¶ 70. The statute of limitations for Plaintiffs' claims based on alleged violations of New York Labor Law § 196-d is six years.

48. Plaintiffs filed the Complaint on or around January 25, 2018. Thus, for purposes of establishing federal jurisdiction under CAFA, the class period with respect to Plaintiffs' claims under New York Labor Law § 196-d is January 25, 2012 through the conclusion of this action (the "New York Class Period").

### 2. *Calculation of Plaintiffs' Claimed Damages.*

49. In their First Cause of Action, Plaintiffs allege that "Defendants have a policy of charging their customers a delivery fee for the delivery performed by Defendants' delivery drivers" and that "Defendants retain the entire charge for delivery and do not remit or pass any portion of it to their delivery drivers." *See* Complaint (Ex. A), ¶¶ 58-59.

50. Plaintiffs further allege that Defendants "unlawfully withheld and retained gratuities that the reasonable customer would believe would be distributed" to Plaintiffs and the putative class members, in violation of New York Labor Law § 196-d. *Id.*, ¶ 83.

51. In 2016 alone, customers who received deliveries in New York were charged over $6,000,000 in delivery fees. *See* Lipinski Decl., ¶ 2. To be clear, this amount does not include

the delivery fees charged to customers who received deliveries in New York between January 25, 2012 and December 31, 2015, and January 1, 2017 through the present.

52. Plaintiffs allege that they and members of the New York Subclass are owed those delivery fees. *See* Complaint (Ex. A), ¶ 64.

### 3. *Plaintiffs' Complaint Also Seeks Recovery of Attorneys' Fees.*

53. As noted above, "[a]ttorney's fees can be considered as part of the amount in controversy where they are anticipated or awarded in the governing statute." *Henry*, 2014 WL 1224575, at *3.

54. Plaintiffs seek statutory attorneys' fees with respect to their cause of action under New York Labor Law § 196-d. *See* Complaint (Ex. A), at p. 15.

55. If Plaintiffs were to prevail on their claim under New York Labor Law § 196-d, they can be expected to seek an attorneys' fees award based on the percentage of the total recovery by the class (*i.e.*, a "common fund" award). *See, e.g.*, *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 51 (2d Cir. 2000) (recognizing 25% as the "'benchmark' that district courts should award in common fund cases"); *Duchene v. Michael Cetta, Inc.*, No. 06-4576, 2009 WL 5841175, at *3 (S.D.N.Y. Sept. 10, 2009) (awarding attorneys' fees of 32.2% of a $3,150,000 settlement fund in a FLSA and NYLL claim). Courts in this Circuit have determined the amount in controversy for purposes of CAFA removal by including attorneys' fees that are based on a percentage of the total estimated recovery by the class. *See, e.g.*, *Fields v. Sony Corp. of Am.*, No. 13-6520, 2014 WL 3877431, at *2 (S.D.N.Y. Aug. 4, 2014) (In NYLL action: "Applying [one-third] attorneys' fees to the approximately $4.2 million at issue in this case brings the total amount in controversy to as much as $5.6 million, satisfying the required jurisdictional amount under CAFA"); *DiPonzio*, 2011 WL 2693912, at *3 ("[F]or the limited purpose of determining the

15

amount in controversy, attorneys' fees will be estimated to be 33% of the total damages otherwise contemplated.").

56.    Thus, assuming solely for the purpose of removal that Plaintiffs are awarded attorneys' fees in the amount of 25% of $6,000,000, the amount placed in controversy by Plaintiffs' claims on behalf of the putative New York Subclass for 2016 alone is approximately **$7,500,000**.

### 4.    *Summary of Account in Controversy.*

57.    Thus, although Defendants expressly deny Plaintiffs' allegations, and expressly deny that they or the putative class that they purport to represent are entitled to any of the requested relief, the amount in controversy associated with Plaintiffs' aggregated claims clearly exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2).  This amount also does not take into consideration any interest, liquidated damages, or damages related to Plaintiffs' claims under Massachusetts law on behalf of the Massachusetts Subclass.  *See* Complaint (Ex. A), ¶ 70(b).

58.    As such, the third jurisdictional requirement under CAFA is satisfied.  *See* 28. U.S.C. § 1332(d)(2).

## V.    **THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.**

59.    As set forth above, this Notice of Removal is field within thirty (30) days of Defendants' receipt of the Complaint.  *See* 28 U.S.C. § 1446(b).

60.    As Plaintiffs originally filed this action in the Supreme Court of the State of New York for the County of New York, removal to the United States District Court, Southern District of New York, is proper under 28 U.S.C. §1441(a).

61.    As required by 28 U.S.C. § 1446(d), Defendants will provide notice of this removal to Plaintiffs through their attorneys of record.

62. As required by 28 U.S.C. § 1446(d), a copy of this Notice will be filed with the Clerk of Court for the Supreme Court of the State of New York, County of New York.

63. Defendants have sought no similar relief.

64. If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to present a brief in support of its position that this case is removable and that CAFA's limited exceptions to federal jurisdiction are inapplicable.

WHEREFORE, Defendants, desiring to remove this case to the United States District Court for the Southern District of New York, pray that the filing of this Notice of Removal shall effect the removal of this action to this Court.

Respectfully submitted,

Dated: June 5, 2018
New York, New York

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Jason D. Burns*_____
    Christopher A. Parlo
    Brendan T. Killeen
    Jason D. Burns
    101 Park Avenue
    New York, New York 10178
    Tel: (212) 309-6000
    christopher.parlo@morganlewis.com
    brendan.killeen@morganlewis.com
    jason.burns@morganlewis.com

    *Attorneys for Defendants*

# **CERTIFICATE OF SERVICE**

      I hereby affirm that I caused to be served a true and correct copy of Defendants' Notice of Removal by e-mail, this 5th day of June, 2018, on:

J. Nelson Thomas, Esq.
Michael J. Lingle, Esq.
Sarah E. Cressman, Esq.
Jessica L. Lukasiewicz, Esq.
Thomas & Solomon LLP
693 East Avenue
Rochester, New York 14607

*Attorneys for Plaintiff*

I affirm that the foregoing is true under penalties of perjury.

                                     */s/    Jason D. Burns*
                                        Jason D. Burns