# EXHIBIT A

SUPREME COURT
STATE OF NEW YORK     COUNTY OF NEW YORK

ANSY BELIZAIRE AND ANTHONY MCALLISTER, *on behalf of themselves and all other employees similarly situated*,

Plaintiffs,

v.

AHOLD U.S.A., INC, AHOLD DELHAIZE USA, INC, PEAPOD, LLC, AND THE STOP & SHOP SUPERMARKET COMPANY LLC,

Defendants.

CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

Index No.

_____

Plaintiffs Ansy Belizaire and Anthony McAllister ("Named Plaintiffs"), on behalf of themselves and all other persons similarly situated (collectively "Plaintiffs" or the "Class"), by and through their attorneys, Thomas & Solomon LLP, bring this class action complaint against Ahold U.S.A., Inc., Ahold Delhaize USA, Inc., Peapod, LLC, and The Stop & Shop Supermarket Company LLC, and allege as follows:

## NATURE OF ACTION

1. This lawsuit seeks to recover damages in the form of unpaid wages and pay as well as injunctive and declaratory relief on behalf of the Named Plaintiffs and similarly situated delivery drivers who work or have worked for Defendants in New York and Massachusetts.

2. Named Plaintiffs bring this action on behalf of themselves and all similarly situated current and former delivery drivers pursuant to Article 9 of the New York Civil Practice Law and Rules ("CPLR") to remedy the violations of applicable state labor laws and regulations, including but not limited to: New York Labor Law § 196-d ("NYLL"); 12 NYCRR §§ 146-2.18, and 146-2.19; and Mass. Gen. Laws Ann. Ch. 149, § 152A ("M.G.L.").

1

3. Named Plaintiff McAllister also brings this action individually to remedy violations of NYLL § 195-1(a) for Defendants' failure to provide proper wage notices.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to New York Civil Practice Law and Rules ("CPLR") §§ 301 and 302 because Defendants transact and/or solicit business within the state from which they derive substantial revenues and because this action arises from Defendants' activities in New York.

5. Venue is appropriate in this Court since Defendants do business in New York County and some of the Plaintiffs reside in New York County.

## THE PARTIES

*Plaintiffs*

6. At all relevant times, Named Plaintiffs Belizaire and McAllister were employees of Defendants under applicable state laws.

7. Named Plaintiff Ansy Belizaire worked as a delivery driver at the South Setauket, New York and Watertown, Abington, Framingham, and Allston, Massachusetts locations. Named Plaintiff Belizaire worked in New York from approximately February 2015 until 2017, and in Massachusetts from approximately March 2008 until February 2015.

8. Named Plaintiff Anthony McAllister works as a delivery driver at the New Hyde Park and Farmingdale, New York locations. Named Plaintiff McAllister began working as a delivery driver in approximately 2012 and last worked in approximately April 2015 due to an injury while at work.

9. Named Plaintiffs and the Class are employees under applicable state law.

2

*Defendants*

10. During the respective time periods described herein, Defendants were Plaintiffs' employers within the meaning of applicable state laws.

*Ahold U.S.A., Inc.*

11. Defendant Ahold U.S.A., Inc. ("Ahold USA") is a foreign corporation registered in Maryland and licensed to do business in the State of New York.

12. Ahold USA has its principal place of business at 1385 Hancock Street, Quincy, Massachusetts 02169.

13. Most recently, Ahold USA was part of Ahold Delhaize, a Dutch-based international retailing group that operates supermarkets in the United States and Europe.

14. Until approximately January 1, 2018, Ahold USA operated approximately 750 supermarkets and Peapod, its online grocery shopping service.

15. Ahold had a centralized human resources department for its affiliates and subsidiaries, including for Peapod.

16. Defendant Ahold USA had the authority to and did, either directly or through its subsidiaries, oversee and make decisions concerning human resources and employment functions.

17. For example, in an annual report, Defendant Ahold USA touted their relationship with employees, including through their regular performance review process, management meetings, awards, incentives, recognitions, knowledge-sharing sessions, and training courses.

18. Further, Ahold USA issued press releases on Peapod, including regarding the recent departure of the president of Peapod and the identification of the interim president.

19. Additionally, Ahold USA, either directly or through its subsidiaries, created and maintained the policies at issue.

20. Accordingly, Defendant Ahold USA had the authority to and did oversee and make decisions concerning human resources and employment functions at Peapod, including creating and maintaining the complained of policies at issue here, and was therefore Plaintiffs' employer until approximately January 2018.

*Ahold Delhaize U.S.A., Inc.*

21. Defendant Ahold Delhaize U.S.A., Inc. ("Ahold Delhaize USA") is a foreign limited liability company registered in Delaware.

22. Ahold Delhaize USA has its principal place of business at 1385 Hancock Street, Quincy, Massachusetts 02169.

23. Beginning January 2018, Ahold Delhaize USA became the parent company for Ahold Delhaize's U.S. companies, including Peapod. Ahold Delhaize was the product of a 2016 merger between Ahold and Delhaize Group.

24. Ahold Delhaize USA has the authority to and does, either directly or through its subsidiary, oversee and make decisions concerning human resources and employment functions at Peapod.

25. For example, from their website, applicants are able to view and apply for job opportunities across the United States with Peapod, including as delivery drivers.

26. Further, Ahold Delhaize USA has a central ethics helpline that is to be utilized by all of its employees, including those of Peapod.

27. Additionally, Ahold Delhaize USA, either directly or through its subsidiaries, creates and maintains the policies at issue.

4

28. As such, Ahold Delhaize USA has the authority to and does, either directly or through its subsidiaries, create and maintain the policies at issue.

29. Accordingly, Defendant Ahold Delhaize USA had the authority to and did oversee and make decisions concerning human resources and employment functions at Peapod, including creating and maintaining the complained of policies at issue here, and was therefore Plaintiffs' employer.

### *Peapod, LLC*

30. Defendant Peapod, LLC ("Peapod") is a foreign limited liability company registered in Delaware and licensed to do business in the State of New York.

31. Peapod has a principal place of business at 9933 Woods Drive, Skokie, Illinois 60077.

32. Peapod is a subsidiary of Ahold Delhaize USA (and previously Ahold USA) which operates an online grocery delivery service system.

33. According to its website, Peapod serves 24 U.S. markets throughout Connecticut, Illinois, Indiana, Maryland, Massachusetts, New Hampshire, New Jersey, New York, Pennsylvania, Rhode Island, Virginia, Washington, D.C. and Wisconsin.

34. Peapod, directly or in concert with others, oversees and makes decisions concerning human resources and employment functions.

35. For example, Peapod's website has an intranet site for employees to obtain centralized information, including policy information.

36. Further, Peapod's website also contains press releases about the company, including about the recent departure of Peapod's president and the identification of the interim president.

5

37. Additionally, Peapod's website identifies job opportunities across the United States.

38. Peapod's website also provides the ability to apply for positions in any of its markets.

39. Further, Peapod, either directly or indirectly, provides benefits to Plaintiffs and Class Members.

40. Also, Peapod, either directly or through its subsidiaries, creates and maintains the pay policies at issue.

41. Thus, Peapod is an employer under applicable state laws of Plaintiffs and Class Members.

### *The Stop & Shop Supermarket Company LLC*

42. The Stop & Shop Supermarket Company LLC ("Stop & Shop") is a foreign limited liability company registered in Delaware.

43. Peapod warerooms, where the groceries are maintained, are typically located in Stop & Shop stores.

44. As such, delivery drivers generally pick up their deliveries from these Peapod warerooms maintained in the Stop & Shop store.

45. Further, delivery drivers generally report to work for Peapod at their Stop & Shop location.

46. Stop & Shop is listed as Plaintiffs' employer on paystubs and W-2 forms.

47. Thus, Stop & Shop is an employer under applicable state laws of Plaintiffs and Class Members.

## FACTS

48. Defendants own and operate an online grocery delivery company that serves various markets, including areas in Illinois, Wisconsin, Indiana, Maryland, Virginia, Massachusetts, and New York.

49. At various times as described herein, Plaintiffs are or were employed by Defendants as delivery drivers in New York and Massachusetts.

***Defendants Illegally Retained Mandatory Delivery Charges Collected from Customers in Violation of New York and Massachusetts Law.***

50. These claims arise from Defendants' willful violation of NYLL Article 6 § 196-d and M.G.L. c. 149, § 152A.

***New York Law***

51. NYLL Article 6 § 196-d provides that an employer may not "demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

52. New York State Department of Labor Regulation § 146-2.19(a) requires that a charge for administration "be clearly identified as such and customers shall be notified that the charge is not a gratuity or tip."

53. Further, 12 NYCRR § 146-2.19(b) provides that "[t]he employer has the burden of demonstrating, by clear and convincing evidence, that the notification was sufficient to ensure that a reasonable customer would understand that such charge was not purported to be a gratuity."

54. 12 NYCRR § 146-2.19(c) sets forth what an employer needs to do in order to provide adequate notification to customers. For example, the regulations state that a statement shall be included in the contract or agreement with the customer, as well as on any menus and

7

bills, that the charge is for administration, and not purported to be a gratuity, and will not be distributed to employees who provided service. These statements must use ordinary language in font similar to surrounding text, but no smaller than 12-point font.

### *Massachusetts Law*

55. Additionally, M.G.L. ch. 149, § 152A(d) provides "[i]f an employer or person submits a bill, invoice or charge to a patron or other person that imposes a service charge or tip, the total proceeds of that service charge or tip shall be remitted only to the . . . service employees[.]"

56. Further, the statute provides that "[n]othing in this section shall prohibit an employer from imposing on a patron any house or administrative fee in addition to or instead of a service charge or tip, if the employer provides a designation or written description of that house or administrative fee, which informs the patron that the fee does not represent a tip or service charge for wait staff employees, service employees, or service bartenders." *Id.*

57. M.G.L. ch. 149, § 152A(a) defines "service charge" as "a fee charged by an employer to a patron in lieu of a tip to any . . . service employee . . . including any fee designated as a service charge, tip, gratuity, or a fee that a patron or other consumer would reasonably expect to be given to a . . . service employee . . . in lieu of, or in addition to, a tip."

### *Defendants' Delivery Charge Policy*

58. Defendants have a policy of charging their customers a delivery fee for the delivery performed by Defendants' delivery drivers.

59. Defendants retain the entire charge for delivery and do not remit or pass any portion of it to their delivery drivers.

60. When Defendants' customers place delivery orders using Defendants' website, the above-mentioned service charge is represented as a charge for delivery.

61. Customers' receipts for the delivery orders do not include a disclaimer that the delivery fee is not distributed to delivery drivers.

62. It is not Defendants' policy to routinely inform customers that the delivery charge is retained by Defendants and not paid fully or in part to Defendants' delivery drivers.

63. Defendants' customers can reasonably believe that the service charge for delivery is a gratuity paid to Defendants' delivery drivers and that they therefore do not have to tip the drivers.

64. As a result of Defendants' illegal delivery charge policy, Named Plaintiffs and the Class are owed the gratuities illegally retained by Defendants.

### *Defendants Violated the NYLL by Failing to Provide a Proper Wage Notice to Named Plaintiff McAllister*

65. Since the enactment of the Wage Theft Prevention Act ("WTPA") in April 2011 through February 2015, pursuant to NYLL § 195, Defendants were required to provide employees with a yearly notice, at the time of hiring when newly hired, and on or before February first of each subsequent year of employment, containing certain required information including the employee's rate of pay, whether the employer intends to claim allowances, and the overtime rate of pay, if the employee is subject to overtime requirements.

66. Beginning in February 2015, the requirement to provide employees with a yearly notice was eliminated, but the requirement of providing a notice at the time of hiring remained.

67. Defendants failed to provide Named Plaintiff McAllister with proper wage notices containing his rate of pay or overtime rate of pay.

68. Therefore, Defendants violated the NYLL's wage notice provisions.

9

## CLASS ACTION ALLEGATIONS

69. The claims arising under the state labor laws of New York and Massachusetts, are properly maintainable as a class action under Federal Rule of Civil Procedure 23 ("Rule 23").

70. The Rule 23 class consists of the following two subclasses:

   a. <u>New York Illegal Retention of Gratuities Subclass</u>: All persons who worked as delivery drivers in New York, who, at any time six years prior to the filing of this action through the entry of final judgment in this matter, did not receive the collected gratuity automatically added on to customers' delivery bills.

   b. <u>Massachusetts Illegal Retention of Gratuities Subclass</u>: All persons who worked as delivery drivers in Massachusetts, who, at any time three years prior to the filing of this action through the entry of final judgment in this matter, did not receive the collected gratuity automatically added on to customers' delivery bills.

71. The class action is maintainable under subsections (1), (2), (3) and (4) of Rule 23(a).

72. Numerosity is satisfied because the Class size is believed to be over 40 members. Therefore, the Class is so numerous that joinder of all members is impracticable. The identity of the Class Members is known to Defendants and is contained in the employment records they are required to maintain under New York and Massachusetts laws.

73. The Named Plaintiffs and other members of the Class share common issues of law and fact as to whether they were paid properly and have common claims that are typical of the claims of the Class because they are or were employed by Defendants as delivery drivers, were subject to the same policies and practices, and suffered similar losses, injuries, and damages as a result of Defendants' failure to comply with NYLL and Massachusetts Law.

74. Common issues of law and fact exist as to all members of the Class and predominate over any questions affecting only individual class members. Among the common

10

issues of law and fact are the following:

- Whether Defendants received a mandatory gratuity/service charge related to work performed by Plaintiffs;

- Defendants failed to remit the mandatory gratuity/service charge to Plaintiffs;

- Whether Defendants properly notified customers that the mandatory service charges were not being distributed to Plaintiffs; and

- Whether Defendants are liable for all damages claimed.

75. The Named Plaintiffs' claims are typical of the claims of other members of the Class because Named Plaintiffs were delivery drivers working for Peapod in Massachusetts and New York and did not receive the mandatory charge for delivery that were added to customer bills just like all of the other members of the Class. Named Plaintiffs therefore sustained damages arising out of Defendants' conduct in violation of the New York and Massachusetts, just like other members of the Class.

76. Named Plaintiffs and their counsel will fairly and adequately protect the interests of the Class. Named Plaintiffs have no interest antagonistic to the Class, and have retained counsel experienced in wage and hour class action litigation.

77. Class counsel Thomas & Solomon LLP is qualified and able to litigate the Named Plaintiffs' and Class's claims.

78. Thomas & Solomon LLP concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under wage and hour laws.

79. A class action is superior to other available methods for the fair and efficient adjudication of this controversy and avoids duplication by allowing these claims to be prosecuted in a single action. Named Plaintiffs and members of the Classes lack the resources

11

to adequately prosecute separate claims, and the amount that each individual stands to recover makes individual cases impractical to pursue. The only practical chance for the delivery drivers to recover their illegally retained gratuities is through a class action.

## FIRST CAUSE OF ACTION
*Illegal Retention of Gratuities under NYLL*

80. Named Plaintiffs Belizaire and McAllister re-allege the above paragraphs as if fully restated herein.

81. The mandatory delivery charges constitute gratuities under NYLL.

82. Under NYLL Article 6 § 196-d, employers may not "demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

83. Defendants unlawfully withheld and retained gratuities that the reasonable customer would believe would be distributed to Named Plaintiffs and the New York Illegal Retention of Gratuities Subclass.

84. As a direct and proximate cause of Defendants' acts, including Defendants' failure to act in good faith, Defendants willfully violated the NYLL and Plaintiffs have suffered damages pursuant to NYLL Article 6, § 196-d.

85. If a class action is certified, liquidated damages are waived for those subclass members who do not opt out of this action, to the extent that such damages are incompatible with class action status.

## SECOND CAUSE OF ACTION
*Illegal Retention of Gratuities under Massachusetts Law*

86. Named Plaintiff Belizaire re-alleges the above paragraphs as if fully restated herein.

12

87. The mandatory delivery charges constitute service charges under M.G.L. c. 149, § 152A.

88. Under M.G.L. ch. 149, § 152A, "If an employer or person submits a bill, invoice or charge to a patron or other person that imposes a service charge or tip, the total proceeds of that service charge or tip shall be remitted only to the . . . service employees[.]"

89. Defendants unlawfully withheld and retained service charges that a customer would reasonably expect to be given to Plaintiffs.

90. As a direct and proximate cause of Defendants' acts, including Defendants' failure to act in good faith, Defendants willfully violated Massachusetts law and Plaintiffs have suffered damages pursuant to M.G.L. ch. 149, § 152A.

91. If a class action is certified, treble damages are waived for those subclass members who do not opt out of this action, to the extent that such damages are a penalty and incompatible with class action status.

## THIRD CAUSE OF ACTION
*NYLL—Wage Notice Violation for Named Plaintiff McAllister Individually*

92. Named Plaintiff McAllister re-alleges and incorporate the allegations set forth above.

93. The notice provisions of the Wage Theft Prevention Act, Article 6 of the NYLL and its supporting regulations applies to Defendants, and protects Named Plaintiff McAllister.

94. Until February 2015, NYLL § 195-1(a) required employers to provide their employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing, among other things, an employee's rate of pay and allowances paid.

13

95. As of February 2015, NYLL § 195-1(a) requires employers to provide their employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing, among other things, an employee's rate of pay and allowances paid.

96. Defendants have failed to comply with the notice provisions of the Wage Theft Prevention Act, and more specifically NYLL § 195-1.

97. Due to Defendants' violations of the NYLL, Named Plaintiff McAllister is entitled to recover from Defendants the sum of $50 per work day, up to a total of $5,000, as provided for by NYLL Article 6, § 198(1-b).

**WHEREFORE**, Named Plaintiffs and Class Members demand judgment against Defendants in their favor and that they be given the following relief:

(a) an order preliminarily and permanently restraining Defendants from engaging in the aforementioned pay violations;

(b) an order certifying the classes as requested and designating Thomas & Solomon LLP as class counsel;

(c) designation of Named Plaintiffs Ansy Belizaire and Anthony McAllister as class representatives;

(d) an award of the value of Named Plaintiffs' and Class Members' unpaid gratuities;

(e) under NYLL § 198, an additional amount as liquidated damages equal to one hundred percent of the total amount of wages found to be due, if the case is not certified as a class action;

(f) under Massachusetts law, statutory trebling of all damages to the extent it is not a penalty under the law;

(g) under N.Y. LAB. LAW § 198, damages, for Named Plaintiff McAllister, in the amount of fifty dollars for each day that Defendants failed to provide him with a proper wage notice, not to exceed a total five thousand dollars;

14

(h)     an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating Named Plaintiffs' and Class Members' rights;

(i)     an award of pre- and post-judgment interest;

(j)     service payments for the Named Plaintiffs;

(k)     an order holding the ten largest shareholders liable for all wages pursuant to N.Y. Bus. Corp. Law § 630(a) and N.Y. Ltd. Liab. Co. Law § 609(c);

(l)     the amount equal to the value that would make Named Plaintiffs and the Class Members whole for the violations; and

(m)     such other and further legal or equitable relief as this Court deems to be just and appropriate.

## JURY DEMAND

Pursuant to the CPLR, Plaintiffs demand a trial by jury on all questions of fact.

Dated: January 25, 2018

                                                      THOMAS & SOLOMON LLP

                                       By:    _____
                                                       Nelson Thomas, Esq.
                                                       Michael J. Lingle, Esq.
                                                       Sarah E. Cressman, Esq.
                                                       Jessica L. Lukasiewicz, Esq.
                                                       *Attorneys for Plaintiffs*
                                                       693 East Avenue
                                                       Rochester, New York 14607
                                                       Telephone: (585) 272-0540
                                                       nthomas@theemploymentattorneys.com
                                                       mlingle@theemploymentattorneys.com
                                                       scressman@theemploymentattorneys.com
                                                       jlukasiewicz@theemploymentattorneys.com