```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ANSY BELIZAIRE, et al.,                                     :
                                    Plaintiffs,             :
                                                            :         18 Civ. 5020  (LGS)
                    -against-                               :
                                                            :         **OPINION AND ORDER**
AHOLD U.S.A., Inc., et al.,                                 :
                                    Defendants.             :
                                                            :
----------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___1/22/2019_

LORNA G. SCHOFIELD, District Judge:

Plaintiffs Ansy Belizaire and Anthony McAllister bring this putative class action against Ahold U.S.A., Inc., Ahold Delhaize U.S.A., Inc., Peapod, LLC and The Stop & Shop Supermarket Company LLC ("Stop & Shop"), alleging violations of New York Labor Law ("NYLL") § 196-d.  Plaintiffs, who were employed as delivery workers by Stop & Shop, allege that a delivery fee charged to Stop & Shop customers was a gratuity under NYLL § 196-d.  Plaintiff McAllister individually brings an action for Defendants' failure to provide proper wage notices in violation of the Wage Theft Prevention Act ("WTPA") NYLL § 195-1.  Defendants move to dismiss the Amended Complaint ("the Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  For the reasons stated below, Defendants' motion to dismiss is granted as to the NYLL § 196-d claim, and the NYLL § 195-1 claim is converted to a motion for summary judgment and granted.

## I.  BACKGROUND

Plaintiffs were delivery drivers employed by Defendant Stop & Shop in New York.  Ansy Belizaire worked as a delivery driver from about 2014 to 2017, and Anthony McAllister worked as a delivery driver from about 2012 to April 2015.

Defendant Peapod operates warerooms, where groceries are stored, within Stop & Shop stores. Delivery drivers generally pick up deliveries from Peapod warerooms. Peapod is a subsidiary of Ahold Delhaize U.S.A., Inc. (previously Ahold U.S.A.).

Defendants offer a grocery delivery service and charge their customers a corresponding delivery fee. When a customer places an order on Defendants' website, the virtual checkout cart informs the customer that a "delivery fee" is added to the bill. After placing the order, the customer receives a receipt that also itemizes the delivery fee. Neither the virtual checkout cart nor the receipt contains a disclaimer notifying the customer that the delivery fee is not a gratuity. The website does not contain a place to add an additional tip, but under a section titled "tipping," the website states "[T]ipping is optional. It is not expected but always appreciated." Defendants retain the delivery fee and do not pass it on to the drivers.

Defendants instituted a policy for WTPA compliance. According to the policy, hiring managers were required to ensure that all New York employees hired during the relevant period "reviewed and executed a Wage Notice at the time of hire and annually using the Human Resources application on the JobsExpress database" ("XpressHR"). Defendants have proffered Plaintiff McAllister's wage notices from December 4, 2012 (date of hire), January 27, 2013, and January 24, 2014, all electronically signed by Anthony C. McAllister through XpressHR. Each notice states the employee's rate of pay and overtime. Defendants have also submitted other documents that McAllister electronically signed, including an employment application, and required IRS and Department of Homeland Security documents. McAllister filed an affirmation stating that he "continues to believe that I was never provided such documents by defendants, nor did I provide any authorization for my electronic signature."

## II. STANDARD

### A. Motion to Dismiss

On a motion to dismiss, a court accepts as true all well pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, *Trs. Of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016), but gives "no effect to legal conclusions couched as factual allegations," *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017) (internal quotation marks omitted). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[ ] . . . claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Panjiva, Inc. v. United States Customs & Border Prot.*, No. 17 Civ. 8269, 2018 WL 4572251, at *2 (S.D.N.Y. Sept. 24, 2018). In assessing the sufficiency of a pleading, a court may consider documents attached to it or incorporated in it by reference. *See Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 247–48 (2d Cir. 2017).

### B. Summary Judgment

Summary judgment is appropriate where the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is a genuine dispute as to a material fact "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Liberty Lobby*, 477 U.S. at 248; *accord Saleem v. Corp. Transportation Grp.*, 854 F.3d 131, 148 (2d Cir. 2017).

The court must construe the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in favor of the nonmoving party. *Liberty Lobby*, 477 U.S. at 255; *accord Soto v. Gaudett*, 862 F.3d 148, 157 (2d Cir. 2017) (citations omitted). When the movant has properly supported its motion with evidentiary materials, the opposing party may only establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (alteration in original); *accord Rodriguez v. City of New York*, 291 F. Supp. 3d 396, 408 (S.D.N.Y. 2018).

### III. DISCUSSION

#### 1. NYLL § 196-d (Count I)

The Complaint does not sufficiently plead a violation of NYLL § 196-d, which provides, in relevant part: "No employer . . . shall . . . retain any part of a gratuity or of any charge purported to be a gratuity for an employee." N.Y. Lab. Law § 196-d (McKinney 2018). Under NYLL § 196-d, gratuities "can include mandatory charges when it is shown that employers represented or allowed their customers to believe that the charges were in fact gratuities for their employees." *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70, 81 (N.Y. 2008). "The standard under

4

which a mandatory charge or fee is purported to be a gratuity should be weighed against the expectation of the reasonable customer . . . ." *Id.* at 79; *see also Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 328–29 (S.D.N.Y. 2010) ("Under the *World Yacht* standard, '[w]hether a charge purports to be a gratuity is measured by whether a reasonable patron would understand that a service charge was being collected in lieu of a gratuity.'") (citation omitted). "The case law in New York has construed § 196-d to require a holistic assessment of how a reasonable customer would understand, in context, a particular surcharge . . . ." *Orozco v. Fresh Direct, LLC*, No. 15 Civ. 8226, 2016 WL 5416510, at *3 (S.D.N.Y. Sept. 27, 2016), *appeal dismissed*, No. 16-3629, 2017 WL 5054219 (2d Cir. Mar. 10, 2017) (citation omitted).

The Complaint fails to state a claim for a violation of NYLL § 196-d. The Complaint does not sufficiently plead that a reasonable customer understood the delivery fee to be a gratuity. *See Orozco*, 2016 WL 5416510, at *4 (dismissing NYLL § 196-d claim in part because "Plaintiffs do not allege *any* details as to how many times or how many customers told Plaintiffs . . . that they thought the delivery fee was a tip or in what context those conversations occurred.") (emphasis in original).

Plaintiffs allege that the customer understands the delivery charge is a gratuity because Defendants "fail to provide customers with any disclaimer or explanation that the charge is not a gratuity", "there is no ability on the website to add an additional tip" and the website states that "tipping is optional." Accepting these allegations as true, the Complaint nevertheless fails to allege that a reasonable customer would understand that the delivery fee is a gratuity, "taking into account common sense and the disclosure on [Defendant's] website." *See Orozco*, 2016 WL 5416510, at *5. First, as a matter of common parlance, the term "delivery fee" is not synonymous with "gratuity." A delivery fee is understood to be a charge for providing delivery

5

services and would be expected to cover the provider's cost of trucks, fuel, packing materials and salaries for delivery personnel. Second, Peapod's website,[1] which is repeatedly referenced in the Complaint, expressly distinguishes between delivery fees and tipping under a heading titled "Service Fees and Tipping." "Service Fees" comprise fees for "Delivery" or "Pick-Up," which range from $2.95 to $9.95 but are mandatory. A separate section called "Tipping" states: "Tipping is optional. It is not expected but always appreciated." Both the structure and content of this disclosure make clear that delivery fees are separate from tips -- i.e., that delivery fees are not gratuities paid to the drivers.

Plaintiffs rely on a March 11, 2010, Opinion Letter from the New York State Department of Labor ("NYSDOL") ("Opinion Letter") -- which by its terms applies to banquet contracts -- and NYSDOL regulations governing the hospitality industry (the "Wage Order").[2] Neither the Opinion Letter nor the Wage Order governs this case. The Opinion letter by its terms applies to banquet contracts. The Wage Order appears in the regulations applicable to the "Hospitality Industry," N.Y. Comp. Codes R. & Regs. tit. 12, § 146, and applies to "service employees or food service workers." *Id.* § 146-2.18; *see also Cordero v. New York Inst. of Tech.*, No. 12 Civ. 3208, 2013 WL 3189189, at *1 (E.D.N.Y. June 20, 2013) ("The New York Department of Labor has promulgated additional regulations that are specifically applicable to the 'hospitality industry. . . '"). As the Court observed in *Orozco*, "Not all service employment is the same; . . .

---

[1] The website is referenced in the Complaint and central to the Plaintiffs' allegations, so the website as it existed during the relevant time period may be considered on this motion. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (on Rule 12(b)(6) motion, a court may consider, *inter alia*, "statements or documents incorporated into the complaint by reference" and "documents possessed by or known to the plaintiff and upon which it relied in bringing the suit") (citation omitted)); *see also Orozco*, 2016 WL 5416510, at *5.

[2] The Opinion Letter can be found at https://labor.ny.gov/legal/counsel-opinion-letters.shtm (last visited January 14, 2019). The regulations are at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.18.

a law directed at restaurants and hotels . . . cannot automatically be expanded to regulate every other service industry." 2016 WL 5416510, at *4 (disagreeing with *Hart v. Rick's Cabaret Int'l, Inc.*, 60 F. Supp. 3d 447 (S.D.N.Y.), *motion to certify appeal denied*, 73 F. Supp. 3d 382 (S.D.N.Y. 2014).[3] To the extent the Opinion Letter and Wage Order are relevant by analogy, they do not support Plaintiffs' claim.

The Opinion Letter addresses mandatory service charges in banquet contracts and provides a list of factors relevant to determining whether a banquet service charge must be distributed to service employees as a gratuity. These include:

> (1) the font size and prominence of the notice; (2) the label used to denote the charge and whether such a label would confuse patrons (noting that the label "administrative fee" is clearer than "service charge"); (3) whether the purpose of the charge and manner in which the charge is calculated are described on the bill; (4) whether the notice discloses the portion of the charge that is being distributed to the service staff and informs that[sic] patrons to leave an additional payment as a tip; and (5) whether there exists a separate line for gratuity.

*Orozco*, 2016 WL 5416510, at *3 (citing N.Y. State Dep't of Labor, Op. Letter (Mar. 11, 2010)). Applying the first four factors and as discussed above, the physical appearance of the Peapod website notice, its separate and contrasting descriptions of mandatory "service fees" and optional "tipping," and the label "delivery fee" would lead a reasonable consumer to believe that the delivery fee is separate from any gratuity. The only factor that suggests otherwise is the allegation in the Complaint that the website does not offer the option of adding a tip. Assessing the totality of the circumstances, the Complaint does not plausibly allege that a reasonable customer understood the delivery fee to be a gratuity.

---

[3] Plaintiffs mistakenly cite *Mumin v. Uber Techn. Inc*., 239 F. Supp.3d 507 (S.D.N.Y. Mar. 8, 2017) and *Fowler v. Scores Holding Co.*, 677 F. Supp.2d 673 (S.D.N.Y. 2009) for the proposition that the Hospitality Industry Wage Order and Opinion Letter are "routinely" applied beyond the hospitality industry. This is incorrect as neither case invokes the Wage Order and Opinion Letter or applies a rebuttable presumption that mandatory service charges are a gratuity.

7

The Wage Order does not compel a different conclusion. As noted above, it does not apply to grocery deliveries. Rather it applies to the "Hospitality Industry," and creates a rebuttable presumption that any charge for "service" or "food service" is a gratuity, as is any other charge "in addition to charges for food, beverage, lodging and other specified materials or services." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.18. To the extent the Wage Order can even be applied to grocery deliveries, the term "delivery fee" does not imply a payment to the delivery drivers, in the way that "service" or "food service" might suggest a payment to food servers. On the contrary, the term "delivery fee" could be construed as "other specified materials or services" to which the presumption does not apply. In short, nothing in the Wage Order alters the conclusion that the Complaint fails to state a claim for a violation of NYLL § 196-d regarding the payment of gratuities.

### 2. NYLL § 195-1 (Count II)

The Complaint alleges that Defendants violated NYLL § 195-1 by failing to provide Plaintiff Anthony McAllister with proper wage notices containing his rate of pay or overtime rate of pay. Defendants' motion to dismiss Plaintiff McAllister's claim that Defendants failed to provide him proper wage notices in violation of NYLL § 195-1 is converted to a motion for summary judgment and is granted.

The parties were provided express notice of the Court's intention to convert the motion to dismiss this claim to a motion for summary judgment, and were provided a reasonable opportunity to present all material pertinent to the claim. *See* Fed. R. Civ. P. 12(d); *Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 67–68 (2d Cir. 2014) (affirming a district court's conversion of a motion to dismiss into a motion for summary judgment where the opposing party was given sufficient notice and an opportunity to respond). In response to the notice, on January

3, 2019, Plaintiff McAllister filed an affirmation, and Defendants filed a declaration with exhibits.

"The WTPA requires employers to provide employees with a wage notice containing information such as rate of pay and tip allowances." *Jian Xin Zhang v. Great Sichuan On 3rd Ave., Inc.*, 334 F. Supp. 3d 621 (S.D.N.Y. 2018). This wage notice must be written "in English and in the language identified by each employee as the primary language of such employee," and inform the employees of, among other things, their pay rates, whether they are paid hourly, any allowances claimed, the employer's name, address, and telephone number, and the employee's regular pay date. N.Y. Lab. L. § 195(1)(a) (McKinney).

Summary judgment is granted in favor of Defendants because the undisputed evidence shows that they provided proper wage notices to McAllister. Under the WTPA at the time of McAllister's employment, employees were required to review and execute a wage notice at the time of hiring and annually thereafter. Defendants filed three fully completed wage notices from December 4, 2012, January 27, 2013 and January 24, 2014, all electronically signed by Anthony C. McAllister. Each notice states the employee's rate of pay and overtime in compliance with §195(1)(a). McAllister's W-4 and Union Authorization Form were also digitally signed on December 4, 2012. Defendants have a policy in place for WTPA compliance and Belizaire, who was employed at the same time as McAllister, does not allege a WTPA violation.

McAllister counters these documents saying he "continues to believe that I was never provided such documents by defendants, nor did I provide any authorization for my electronic signature." Under New York law, an electronic signature has "the same validity and effect as the use of a signature affixed by hand." *O'Callaghan v. Uber Corp.*, 17 Civ. 2094, 2018 WL 3302179, at 7 n. 9 (S.D.N.Y. July 5, 2018) (an "electronic signature cannot be 'denied legal

9

effect…simply because it is in electronic form.'" (quoting 15 U.S.C. § 7001(a)(1))). McAllister's affirmation is carefully worded, does not state the basis for his belief or alternative explanation for the documents in the record, and does not create an issue of fact. That he "continues to believe" that he was not provided the documents, without more, is not inconsistent with his having received them -- but not reviewing them at the time, or remembering them now. His assertion that he did not "authorize" his electronic signature is not inconsistent with his nevertheless "clicking the box" to place his electronic signature on documents. Plaintiff's affirmation is insufficient to defeat summary judgment on the claim that Defendant failed to provide wage notices, when Defendant has produced the wage notices bearing Plaintiff's electronic signature. *See Rojas v. Roman Catholic Diocese of Rochester,* 660 F.3d 98, 105 (2d Cir. 2011) (summary judgment properly granted to defendants where plaintiff "relied almost entirely on her own testimony," which was contradicted by "contemporaneous letters and meeting notes" suggesting that the plaintiff had complained only of "general friction" with her supervisor, as opposed to sexual harassment); *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) ("When a motion for summary judgment is properly supported by documents or other evidentiary materials, the party opposing summary judgment may not merely rest on the allegations or denials of his pleading; rather his response, by affidavits or otherwise as provided in the Rule, must set forth 'specific facts' . . ."). Because no reasonable jury could find that that Defendants failed to comply with the WTPA in providing wage notices, summary judgment is granted on the NYLL § 195-1 claim.

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Count I (as to violations of NYLL § 196-d) is GRANTED. Defendants' motion to dismiss Count II (as to violations of

NYLL § 195-1) is converted to a motion for summary judgment and GRANTED.

The Clerk of Court is respectfully requested to close the open motion at Docket Number 32.

Dated: January 22, 2018
      New York, New York

                        **LORNA G. SCHOFIELD**
                      **UNITED STATES DISTRICT JUDGE**