**MANDATE**

19-457-cv
*Belizaire, et al. v. Ahold U.S.A., Inc., et al.*

1:18-cv-05020-LGS-GWG

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand twenty.

Present:
  DEBRA ANN LIVINGSTON,
  RICHARD J. SULLIVAN,
  WILLIAM J. NARDINI,
    *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Apr 16 2020

ANSY BELIZAIRE, on behalf of themselves and all other persons similarly situated, ANTHONY MCALLISTER, on behalf of themselves and all other persons similarly situated,

  *Plaintiffs-Appellants*,

  v.                                                          19-457-cv

AHOLD U.S.A., INC., AHOLD DELHAIZE U.S.A., INC., THE STOP & SHOP SUPERMARKET COMPANY, LLC, PEAPOD, LLC,

  *Defendants-Appellees.*


For Plaintiffs-Appellants:        MICHAEL J. LINGLE (Jessica L. Lukasiewicz, J. Nelson Thomas, *on the brief*), Thomas & Solomon LLP, Rochester, NY

1

| | |
|---|---|
| For Defendants-Appellees: | BRENDAN T. KILLEEN (Bryan Michael Killian, Jason D. Burns, *on the brief*), Morgan Lewis & Bockius LLP, New York, NY & Washington, DC |

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Ansy Belizaire and Anthony McAllister ("Plaintiffs") appeal from a February 8, 2019 judgment of the United States District Court for the Southern District of New York (Schofield, *J.*), granting Defendants-Appellees Ahold U.S.A., Inc., Ahold Delhaize U.S.A., Inc., the Stop & Shop Supermarket Company, LLC, and Peapod, LLC's ("Defendants") motion to dismiss Plaintiffs' amended class action complaint (the "Complaint") for failure to state a claim under the New York Tip Law, N.Y. Lab. Law ("NYLL") § 196-d. Plaintiffs, who are former delivery drivers for Defendants' grocery delivery service, Peapod, allege that the "delivery fee" paid by Peapod's customers was a "charge purported to be a gratuity for an employee" within the meaning of NYLL § 196-d and therefore could not be lawfully withheld from Peapod's delivery drivers. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*   \*   \*

We review a district court's ruling on a motion to dismiss *de novo*, accepting all factual claims in the complaint and drawing all reasonable inferences in favor of the nonmoving party. *Capital Mgmt. Select Fund Ltd. v. Bennett*, 680 F.3d 214, 219 (2d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering claims rooted in New York law, we determine the applicable legal principles *de novo*. *In re Sharp Int'l Corp.*, 403 F.3d 43, 49 (2d Cir. 2005). In so doing, we "afford the greatest weight to decisions of the New York Court of Appeals." *Id*. (alteration omitted) (quoting *McCarthy v. Olin Corp.*, 119 F.3d 148, 153 (2d Cir. 1997)). If that court has not spoken on the relevant question, we apply the law as interpreted by the Appellate Division of the New York Supreme Court unless we are persuaded that the Court of Appeals would rule differently if presented with the same issue. *Zaretsky v. William Goldberg Diamond Corp.*, 820 F.3d 513, 521 (2d Cir. 2016).

The New York Tip Law provides, in relevant part, that "No employer . . . shall . . . retain any part of a gratuity or of any charge purported to be a gratuity for an employee." NYLL § 196-d. The statute may prohibit the withholding of mandatory charges "when it is shown that employers represented or allowed their customers to believe that the charges were in fact gratuities for their employees." *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70, 81 (2008). "[T]he standard under which a mandatory charge or fee is purported to be a gratuity should be weighed against the expectation of the reasonable customer . . . ." *Id.* at 79.

The district court correctly determined that Plaintiffs failed to plead that a reasonable customer would have plausibly understood the delivery fee to be a gratuity. The Complaint does not allege that Defendants ever represented to customers that the delivery fee was a gratuity for their employees. Nor can it support the claim that Defendants "allowed their customers to believe" that it was. As the district court explained, a section of Peapod's website titled "Service Fees and Tipping" clearly distinguished Peapod's various mandatory service fees—including the delivery fee—from tips, explicitly stating that "Tipping is optional. It is not expected but always appreciated." J.A. 69. Moreover, the structure of the delivery fee itself would not lead a reasonable

3

customer to understand it to be a gratuity. The delivery fee associated with the minimum order size of $60 was $9.95, but if a customer ordered $100 or more, the fee dropped to $6.95. A reasonable customer would not perceive that a mandatory fee that *decreases* with the value of goods purchased was a tip. In light of this context, Plaintiffs' sparse allegations fail to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Plaintiffs argue that the district court's conclusion cannot stand because its claims "mirror" those the New York Court of Appeals upheld against a motion to dismiss in *Samiento*. Plaintiffs' factual allegations, however, bear little resemblance to those in *Samiento*. The *Samiento* plaintiffs, who were waitstaff in the luxury banquet cruise industry, alleged that their employer affirmatively misled customers by telling them that "the 20% service charge is remitted to defendants' waitstaff as the gratuity" and that "the gratuity was included in the ticket price." *Samiento*, 10 N.Y.3d at 75–76. Those plaintiffs also characterized the challenged "service fee" as roughly equivalent in value to the gratuity a patron would expect to pay in the banquet industry. *Id.* at 75. Plaintiffs here do not allege that Defendants told customers that the mandatory delivery fee was a gratuity, stating only that Defendants failed to include a disclaimer explaining that it is not. Nor do Plaintiffs allege that the value of the delivery fee resembles what customers would expect to tip grocery delivery drivers. Rather, the Complaint recognizes Defendants' explanation that "tipping is optional."

Plaintiffs also argue that the district court should have denied the motion to dismiss in light of an opinion letter and wage regulation promulgated by the New York State Department of Labor. We agree with the district court that neither document applies to Plaintiffs' case. The opinion letter was written explicitly in response to a question regarding how *banquet operators* must word their contracts to comply with NYLL § 196-d, and its analysis of a reasonable customer's impression is focused solely on the context of purchasing banquet services. Similarly, the wage regulation

4

applies only to the hospitality industry. *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.18. Even if that regulation did apply, it creates only a "rebuttable presumption" that a charge is "purported to be a gratuity," and that presumption does not apply to "charges for . . . specified materials or services." *Id.* Peapod's delivery fee, unlike the generic example charges for "service" and "food service" provided in the regulation, is plainly a charge for a specified service. Moreover, Defendants' clear explanation that "tipping is optional" is sufficient to overcome a rebuttable presumption that a mandatory fee is a gratuity.

We have considered Plaintiffs' remaining arguments and find them to be without merit.[1] Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[1] Defendants argue that, in the alternative, we should affirm the district court's dismissal of the Complaint because the New York Tip Law as applied to Defendants is preempted by the Federal Aviation Administration Authorization Act (the "FAAAA"), 49 U.S.C. § 14501(a)(1). Because we affirm the district court's determination that Plaintiffs have failed to state a claim under NYLL § 196-d, we decline to reach Defendants' argument that Plaintiffs' claim is also preempted by the FAAAA.